17 Cal.Rptr.3d 146 (2004)
121 Cal.App.4th 490
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Petitioner,
v.
The SUPERIOR COURT of Los Angeles County, Respondent;
Jerry Hill et al., Real Parties in Interest.
No. B174063.
Court of Appeal, Second District, Division One.
August 9, 2004.
*147 Heller Ehrman White & McAuliffe, Paul Alexander, Robin A. Schaefers, Julia M. Laurin, Menlo Park; Skadden, Arps, Slate, Meagher & Flom and Raoul D. Kennedy, San Francisco, for Petitioner.
No appearance for Respondent.
*148 Hennigan, Bennett & Dorman, J. Michael Hennigan, Mark Anchor Albert, Michael Swartz, Los Angeles; Gianelli & Morris, Timothy J. Morris, Los Angeles; Ernst and Mattison, Raymond E. Mattison; Law Offices of Robert S. Gerstein and Robert S. Gerstein for Real Parties in Interest.
MALLANO, J.
In general, if a trial judge enters judgment in a civil action, and the judgment is reversed on appeal, resulting in a remand to the trial judge for a "new trial," any party can disqualify the judge by way of a peremptory challenge. (See Code Civ. Proc., § 170.6, subd. (a)(2), 2d par.)
In the present case, after the pleading stage, defendant filed a motion in the trial court to resolve a conflict of laws issue: whether California law or Illinois law applied to plaintiffs' causes of action. Defendant argued that Illinois law applied and that the case had to be dismissed. Plaintiffs argued that California law governed and that dismissal would be improper. The trial court agreed with plaintiffs.
Defendant petitioned this court for a writ of mandate. After briefing and oral argument, we granted the petition, concluding that Illinois law applied but that the trial court had correctly declined to dismiss the case. On remand, the parties appeared before the same trial judge. Defendant moved to disqualify him, filing a peremptory challenge. The judge denied the motion.
Defendant then filed another petition for writ of mandate  which is now before us  contending that the trial judge should have granted the motion to disqualify. We conclude that, given the limited nature of the prior writ proceeding  to determine which state's law is applicable  a peremptory challenge does not lie because the trial judge did not "try" the case, nor will the prior writ proceeding result in a "new trial." Rather, the trial judge will simply continue on with the case, applying Illinois law.

I

BACKGROUND
Defendant State Farm Mutual Automobile Insurance Company (State Farm) was created under the laws of the State of Illinois in 1922. It is incorporated there and is headquartered in Bloomington, Illinois. The board of directors meets in Bloomington.
On June 17, 1998, State Farm policyholders filed this action, alleging that State Farm had retained an excessive amount of its surplus funds and, instead, should have returned the excess surplus to the policyholders in the form of higher dividends. The complaint contained causes of action for breach of contract and breach of the covenant of good faith and fair dealing, among others.
After the pleading stage, State Farm brought a "Motion to Determine Applicable Law," contending that, under the "internal affairs" doctrine, Illinois law governed plaintiffs' causes of action.[1] State Farm also argued that the business judgment rule applied to plaintiffs' claims.[2] *149 In a separate "Motion to Dismiss," State Farm argued that the internal affairs doctrine required dismissal of the case in favor of an Illinois forum  that plaintiffs had to file the case in Illinois. Plaintiffs filed opposition papers, arguing that the internal affairs doctrine did not apply, California law governed, the business judgment rule was not applicable, and dismissal would be improper.
In a statement of decision dated May 21, 2003, the trial court ruled that the internal affairs doctrine did not apply, California law was controlling, the business judgment rule was not applicable, and the case would not be dismissed.
State Farm filed a petition for writ of mandate with this court, seeking to overturn the trial court's decision. We issued an order to show cause, instructed the parties to submit briefs, and heard oral argument.
In a published opinion, State Farm, supra, 114 Cal.App.4th 434, 8 Cal.Rptr.3d 56, we held that, with respect to the Motion to Determine Applicable Law, the internal affairs doctrine governed, the law of Illinois was controlling, and the business judgment rule applied to plaintiffs' claims. As for the Motion to Dismiss, we concluded, as had the trial court, that the internal affairs doctrine  while requiring the application of Illinois law  did not require dismissal of the suit. The case could be tried here. (Id. at pp. 454-456, 8 Cal.Rptr.3d 56.)
In addition, "[f]or guidance, we set forth [in the opinion] the principles under current Illinois law" (State Farm, supra, 114 Cal.App.4th at p. 451, 8 Cal.Rptr.3d 56), stating that Illinois recognized a cause of action for breach of the covenant of good faith and fair dealing only where an insurer has failed to settle a third party claim against its insured and that, in other circumstances, a plaintiff is required to raise covenant principles as part of a breach of contract claim (id. at pp. 451-454, 8 Cal.Rptr.3d 56). We further explained that if State Farm's dividend decisions were "proper under the business judgment rule, then the covenant of good faith and fair dealing ... cannot be used as an end-run to impose liability here." (Id. at p. 454, 8 Cal.Rptr.3d 56.)
On remand after the granting of the petition, the case returned to the same trial judge. State Farm moved to disqualify the judge under section 170.6, subdivision (a)(2), second paragraph, of the Code of Civil Procedure, which states in part: "A motion [to disqualify] may be made following reversal on appeal of a trial court's decision, or following reversal on appeal of a trial court's final judgment, if the trial judge in the prior proceeding is assigned to conduct a new trial on the matter." (Italics added; hereafter section 170.6(a)(2); all further statutory references are to the Code of Civil Procedure.)
The trial court denied the motion on the ground that "[w]hile [section 170.6(a)(2)] permits a [peremptory] challenge following reversal on appeal, it does not afford the same right on issuance of a writ by a Court of Appeal directing a trial court to apply different law to an interlocutory legal determination made by the trial court."
State Farm then filed a petition for writ of mandate with this court, challenging the trial court's ruling on the motion to disqualify. We issued an order to show cause why the trial court's decision should not be *150 vacated. We also established a briefing schedule and calendared the matter for oral argument. Having considered the parties' written and oral presentations, we now consider the merits of the petition.

II

DISCUSSION
As our Supreme Court recently explained: "[A] party may secure the disqualification of a judge on the basis of an affidavit asserting that the party believes the judge is biased. This constitutes the peremptory challenge of a judge set forth in section 170.6....
"... The statute `provides in substance that any party or attorney to a civil or criminal action may make an oral or written motion to disqualify the assigned judge, supported by an affidavit that the judge is prejudiced against such party or attorney or the interest thereof so that the affiant cannot or believes he cannot have an impartial trial.... [T]here are strict limits on the timing and number of such motions; but if the motion is timely and in proper form, the judge must recuse himself without further proof and the case must be reassigned to another judge.' ... [T]he statute reasonably serves the Legislature's evident purpose of `maintaining the appearance as well as the fact of impartiality in the judicial system: the business of the courts ... must be conducted in such a manner as will avoid even the "suspicion of unfairness."' ... [¶] ... [¶]
"[But] the peremptory challenge created by section 170.6 presents the potential for abuse and judge-shopping  on the part of either or both parties. In response to this danger, we [have] pointed out, `the courts of this state have been vigilant to enforce the statutory restrictions on the number and timing of the motions permitted.... "We cannot permit a device intended for spare and protective use to be converted into a weapon of offense and thereby to become an obstruction to efficient judicial administration."'" (Peracchi v. Superior Court (2003) 30 Cal.4th 1245, 1251-1253, 135 Cal.Rptr.2d 639, 70 P.3d 1054, citations omitted.)
In determining the applicability of section 170.6(a)(2) here, "we apply the well-established rules of statutory construction and seek to `"ascertain the intent of the Legislature so as to effectuate the purpose of the law."' ... As always, we begin with the words of a statute and give these words their ordinary meaning.... If the statutory language is clear and unambiguous, then we need go no further.... If, however, the language is susceptible to more than one reasonable interpretation, then we look to `extrinsic aids, including the ostensible objects to be achieved, the evils to be remedied, the legislative history, public policy, ... and the statutory scheme of which the statute is a part.'" (Hoechst Celanese Corp. v. Franchise Tax Bd. (2001) 25 Cal.4th 508, 519, 106 Cal.Rptr.2d 548, 22 P.3d 324, citations omitted.)
Before 1985, section 170.6 did not expressly provide for a peremptory challenge in a new trial following reversal on appeal. "Prior to the enactment of the 1985 amendment, a matter remanded by an appellate court for full or partial retrial was normally assigned to the same trial judge who heard the case at the trial level. This policy was based on the premise that the trial judge who presided over the first trial was familiar with the issues in the case and was in a better position to expeditiously resolve the matter pursuant to the appellate decision.
"The concern expressed by the proponents of the 1985 amendment was that a judge who had been reversed might prove to be biased against the party who successfully *151 appealed the judge's erroneous ruling at the original trial. The amendment was `intended to permit a party to challenge a judge who had been assigned to conduct the "new trial" of the case in which his or her decision was reversed on appeal. The term "new trial" is intended to cover situations where the case is to be re-tried and not merely remanded with instructions to perform some specific task (e.g., recalculate interest).'" (Stegs Investments v. Superior Court (1991) 233 Cal.App.3d 572, 575-576, 284 Cal.Rptr. 495 (Stegs), italics added, quoting Assem. Com. on Jud., Analysis of Assem. Bill No. 1213 (1985-1986 Reg. Sess.) as amended May 15, 1985.)[3]
As several Courts of Appeal have recognized: "The legislative history of the 1985 amendment suggests that the applicability of [section 170.6(a)(2)] does not turn on . . . whether the issue(s) to be resolved on remand are limited, but what the court must do to resolve them. If the court's function is merely a ministerial act (such as the recalculation of interest), the 1985 amendment does not apply. If, however, the court must conduct an actual retrial, even if that trial involves only one issue, the court may be disqualified upon a timely affidavit filed pursuant to section 170.6." (Stegs, supra, 233 Cal.App.3d at p. 576, 284 Cal.Rptr. 495, italics added; accord, Hendershot v. Superior Court (1993) 20 Cal.App.4th 860, 863-864, 24 Cal.Rptr.2d 645 (Hendershot); Overton v. Superior Court (1994) 22 Cal.App.4th 112, 114-115, 27 Cal.Rptr.2d 274 (Overton); Stubblefield Construction Co. v. Superior Court (2000) 81 Cal.App.4th 762, 765-766, 97 Cal.Rptr.2d 121 (Stubblefield); Pfeiffer, supra, 107 Cal.App.4th at pp. 767-768, 132 Cal.Rptr.2d 400.)
Thus, the courts have held that section 170.6(a)(2) was applicable where: (1) after a bench trial in a civil action, the judgment was reversed on appeal, and the case was remanded for an evidentiary hearing and the determination of an issue of fact (Stegs, supra, 233 Cal.App.3d at pp. 574, 576, 284 Cal.Rptr. 495; Hendershot, supra, 20 Cal. App.4th at pp. 861-862, 864-865, 24 Cal. Rptr.2d 645); (2) summary judgment was reversed in part on appeal, and the case was remanded for further proceedings (Stubblefield, supra, 81 Cal.App.4th at pp. 764-766, 97 Cal.Rptr.2d 121); (3) the dismissal of a civil action at the pleading stage was reversed on appeal and remanded with directions to make factual findings on the merits of the defendants' motion to strike the complaint (§ 425.16) in order to determine whether the defendants were entitled to attorneys' fees in a "Strategic Lawsuit Against Public Participation" (SLAPP) (Pfeiffer, supra, 107 Cal.App.4th at pp. 763-764, 768, 132 Cal.Rptr.2d 400); (4) the dismissal of a criminal complaint on statute of limitations grounds was reversed on appeal (People v. Superior Court (Maloy) (2001) 91 Cal.App.4th 391, 396-397, 109 Cal.Rptr.2d 897); and (5) the trial court in a criminal case, after refusing to declare a mistrial, was instructed to do so by a writ of mandate from the Court of Appeal (Overton, supra, 22 Cal.App.4th at pp. 114-116, 27 Cal.Rptr.2d 274).
Although section 170.6(a)(2) does not provide a definition of "new trial," section 656 defines "new trial" as the "re-examination of an issue of fact in the same court after a trial and decision by a jury, court, or referee." This definition, as applied by the courts in ruling on motions for a new trial, is helpful in determining when a peremptory challenge is permitted. (See Peracchi v. Superior Court, supra, 30 Cal.4th *152 at p. 1261, 135 Cal.Rptr.2d 639, 70 P.3d 1054; Hendershot, supra, 20 Cal.App.4th at pp. 864-865, 24 Cal.Rptr.2d 645.)
In Carney v. Simmonds (1957) 49 Cal.2d 84, 315 P.2d 305 (Carney), the Supreme Court held that section 656's definition of "new trial" must be read in conjunction with section 657, which describes the grounds for granting a new trial. The court noted: "[T]here may be a `trial' and hence a situation proper for a new trial motion where only issues of law are determined. . . . As a matter of orderly procedure there is no less reason why the trial court should have a second chance to reexamine its judgment where issues of fact are involved than where issues of law or law and fact are decided." (Carney, supra, 49 Cal.2d at p. 90, 315 P.2d 305, citation omitted.)
The court in Carney concluded that a motion for new trial would be proper where judgment had been entered in a number of situations, including judgment on the pleadings, judgment for failure to state a cause of action, judgment after a plaintiff's opening statement or at the close of a plaintiff's evidence, judgment on a directed verdict, judgment after a demurrer is sustained without leave to amend, and judgment on an agreed statement of ultimate facts. (Carney, supra, 49 Cal.2d at pp. 88-91, 315 P.2d 305; see 8 Witkin, Cal. Procedure (4th ed. 1997) Attack on Judgment in Trial Court, § 23, pp. 527-528.) Carney interpreted the definition of "new trial," as set forth in section 656, quite broadly. (See Peracchi v. Superior Court, supra, 30 Cal.4th at p. 1259, 135 Cal.Rptr.2d 639, 70 P.3d 1054; Hendershot, supra, 20 Cal.App.4th at p. 865, 24 Cal.Rptr.2d 645.)
That is not to say that section 170.6(a)(2) should be liberally construed. As the Supreme Court recently stated: "[W]ith respect to the assertion that section 170.6 must be given a liberal construction, our own cases have observed that because of the dangers presented by judge-shopping  by either party  the limits on the number and timing of challenges pursuant to this statute are vigorously enforced. . . . We do not believe that the 1985 amendment of section 170.6, subdivision (2) was intended to eliminate all restrictions on the challenge or to counter every possible situation in which it might be speculated that a court could react negatively to a reversal on appeal." (Peracchi v. Superior Court, supra, 30 Cal.4th at p. 1263, 135 Cal.Rptr.2d 639, 70 P.3d 1054, citation omitted.) This is especially so given that a reviewing court has the statutory authority, either on its own motion or at the request of a party, to order that further proceedings in the trial court take place before a different judge when the interests of justice so require. (§ 170.1, subd. (c); see Peracchi v. Superior Court, supra, 30 Cal.4th at p. 1262, 135 Cal.Rptr.2d 639, 70 P.3d 1054.)
Further, the Supreme Court has rejected the notion that "a section 170.6 challenge should be permitted at any hearing in which there is any potential for bias." (Peracchi v. Superior Court, supra, 30 Cal.4th at p. 1261, 135 Cal.Rptr.2d 639, 70 P.3d 1054, italics in original.) Nor does the high court agree that "the Legislature intended to protect, in all circumstances, parties who have prevailed on appeal from the presumed ire or potential bias of trial judges whose rulings have been reversed." (Id. at p. 1261, 135 Cal.Rptr.2d 639, 70 P.3d 1054, italics in original.) As the court explained: "There is no indication that the Legislature intended section 170.6, subdivision (2) to permit a peremptory challenge whenever there exists even a potential for bias arising out of a judge's reaction to being reversed on appeal. . . . [W]e cannot agree with petitioner . . . that a section 170.6 challenge will lie whenever the potential *153 exists that a judge who is called upon to exercise discretion might react adversely to a reversal." (Peracchi v. Superior Court, supra, 30 Cal.4th at p. 1262, 135 Cal.Rptr.2d 639, 70 P.3d 1054, italics in original.)
The 1985 amendment of section 170.6, as originally drafted, provided that a peremptory challenge could be made after reversal on appeal where the trial judge in the prior proceedings was assigned "to rehear the matter." (Assem. Bill No. 1213 (1985-1986 Reg. Sess.) as introduced Mar. 4, 1985, § 1.) A subsequent version of the bill replaced "to rehear the matter" with "for a new trial," thus limiting the scope of peremptory challenges to "new trials" that follow reversal on appeal. (See Assem. Bill No. 1213 (1985-1986 Reg. Sess.) as amended May 15, 1985, § 1.)
As in the case here, "the trial court in a writ [of mandate] proceeding, though a nominal respondent, is nonetheless a neutral party in the underlying controversy between the parties, and as such, has a duty to remain impartial. . . . [T]he real party in interest, not the respondent court, has [a] beneficial interest in the litigation and is the aggrieved party, i.e., the adverse party in whose favor the act complained of has been done. As the aggrieved party, the real party in interest is the party with sufficient interest in the subject matter of the dispute to press its case with vigor." (James G. v. Superior Court (2000) 80 Cal.App.4th 275, 280, 95 Cal.Rptr.2d 135.) The Supreme Court agrees with this view. (See Municipal Court v. Superior Court (Gonzalez) (1993) 5 Cal.4th 1126, 1129, 22 Cal.Rptr.2d 504, 857 P.2d 325.)
There are some types of mandate proceedings  not like the one here  in which the trial court is the real adverse party, as where a writ proceeding directly affects the operations and procedures of the trial court or may impose financial obligations that would directly affect the court's operations. (See James G. v. Superior Court, supra, 80 Cal.App.4th at pp. 280-281, 95 Cal.Rptr.2d 135 & fns. 5 & 6.)
Finally, as the statutory language indicates, section 170.6(a)(2) applies to reversals after an "appeal." One court has held that the statute also applies to reversals after a writ of mandate proceeding. (See Overton, supra, 22 Cal.App.4th at pp. 115-116, 27 Cal.Rptr.2d 274.) We assume, without deciding, that the statute so applies.
Based on the foregoing authorities, we conclude that a peremptory challenge is permitted under section 170.6(a)(2) where (1) a trial court's decision or final judgment is made in conjunction with a "trial" and (2) a subsequent reversal of that decision results in a "new trial." Applying this test here, we further conclude that State Farm's peremptory challenge was not permitted.
The conclusion that section 170.6(a)(2) contemplates two "trials"  one before reversal and a "new" one thereafter  is confirmed by the legislative history. "`The concern expressed by the proponents of the [statute] was that a judge who had been reversed might prove to be biased against the party who successfully appealed the judge's erroneous ruling at the original trial.' . . . [A] legislative committee . . . described the [statute] as `"intended to permit a party to challenge a judge who had been assigned to conduct the `new trial' of the case in which his or her decision was reversed on appeal. The term `new trial' is intended to cover situations where the case is to be re-tried and not merely remanded with instructions to perform some specific task (e.g., recalculate interest)."'" (Peracchi v. Superior Court, supra, 30 Cal.4th at p. 1258, 135 *154 Cal.Rptr.2d 639, 70 P.3d 1054, quoting Stegs, supra, 233 Cal.App.3d at pp. 575-576, 284 Cal.Rptr. 495, italics added and omitted.)
Further, in construing section 170.6(a)(2), we look to the statutes that govern motions for new trial (§§ 656, 657). (See Peracchi v. Superior Court, supra, 30 Cal.4th at p. 1261, 135 Cal.Rptr.2d 639, 70 P.3d 1054; Hendershot, supra, 20 Cal. App.4th at pp. 864-865, 24 Cal.Rptr.2d 645.) As the Supreme Court has recognized, a motion for new trial is preceded by a "trial" and, if granted, is followed by a second "trial." (See Carney, supra, 49 Cal.2d at pp. 88-91, 315 P.2d 305.) In that context, the court has stated that a "trial" results in a "judgment . . . based on law or fact or both." (Id. at p. 90, 315 P.2d 305.)
But the high court has also stated that section 656, which applies to motions for a new trial, "does not provide an exclusive definition of `trial' or `new trial,' . . . On the contrary, in defining `trial' [the court has] said `that it is the determination of an issue of law or fact' . . . or `the examination . . . of the facts or law put in issue in a cause. . . .'" (McDonough Power Equipment Co. v. Superior Court (1972) 8 Cal.3d 527, 531, 105 Cal.Rptr. 330, 503 P.2d 1338.) The question of whether a given proceeding ". . .'constitutes a `trial' usually depends upon the language and purpose of the particular statute[, here section 170.6(a)(2)].'" (McDonough Power Equipment Co. v. Superior Court, supra, 8 Cal.3d at p. 532, 105 Cal.Rptr. 330, 503 P.2d 1338.)
As stated, the purpose of that statute is to avoid the potential bias of a judge whose decision at the first "trial" is reversed and who, on remand, is to conduct a "new trial." But here, the trial court's rulings on State Farm's motions and our brief intervention in the litigation do not resemble, in form or substance, the cases where peremptory challenges have been permitted after a reversal on appeal. (Cf. Stegs, supra, 233 Cal.App.3d 572, 284 Cal.Rptr. 495; Hendershot, supra, 20 Cal.App.4th 860, 24 Cal.Rptr.2d 645; Stubblefield, supra, 81 Cal.App.4th 762, 97 Cal.Rptr.2d 121; People v. Superior Court (Maloy), supra, 91 Cal.App.4th 391, 109 Cal.Rptr.2d 897; Pfeiffer, supra, 107 Cal.App.4th 761, 132 Cal.Rptr.2d 400.) In each of those cases, the trial court had adjudicated the case on the merits or otherwise terminated it, and the Court of Appeal reversed and remanded for additional proceedings.
We acknowledge that, for purposes of section 170.6(a)(2), certain types of motions constitute a "trial." A motion for summary judgment falls into this category. In Stubblefield, supra, 81 Cal.App.4th 762, 97 Cal.Rptr.2d 121, the trial court granted summary judgment, which was reversed in part on appeal. On remand for further proceedings, the case was assigned to the same trial judge. A motion to disqualify under section 170.6(a)(2) was filed and denied. By way of a petition for writ of mandate, the Court of Appeal concluded that the peremptory challenge was valid, stating: "[T]he proceedings contemplated by our remand will be a new trial within the meaning of [section 170.6(a)(2)]. Although there was no full trial of the matter in this case, a final judgment was entered. Our partial reversal requires that the case be reopened, with an actual trial if necessary. . . ." (Stubblefield, supra, 81 Cal. App.4th at pp. 765-766, 97 Cal.Rptr.2d 121, italics added.)
Although courts have commented generally that summary judgment motions serve the laudable goal of disposing of unmeritorious cases without trial (see, e.g., Brizuela v. CalFarm Ins. Co. (2004) 116 Cal. App.4th 578, 586, 10 Cal.Rptr.3d 661; Juge v. County of Sacramento (1993) 12 Cal. App.4th 59, 70, 15 Cal.Rptr.2d 598), the *155 grant of summary judgment is, as a practical matter, the same as a "full trial"  it disposes of the case, often on the merits. Indeed, "how the parties moving for, and opposing, summary judgment may each carry their burden of persuasion and/or production depends on which would bear what burden of proof at trial." (Aguilar v. Atlantic Richfield Co. (2001) 25 Cal.4th 826, 851, 107 Cal.Rptr.2d 841, 24 P.3d 493, italics added and omitted.)
Similarly, the granting of an anti-SLAPP motion constitutes a "trial." (See Pfeiffer, supra, 107 Cal.App.4th at pp. 767-768, 132 Cal.Rptr.2d 400; see generally Tuchscher Development Enterprises, Inc. v. San Diego Unified Port Dist. (2003) 106 Cal.App.4th 1219, 1231-1232, 1235, 132 Cal.Rptr.2d 57 [discussing anti-SLAPP motions].) In granting such a motion, the trial court has determined that the plaintiff is not likely to prevail on the merits of the complaint at trial. (See Tuchscher Development Enterprises, Inc. v. San Diego Unified Port Dist., supra, 106 Cal.App.4th at pp. 1231, 1235-1238, 132 Cal.Rptr.2d 57; § 425.16, subd. (b)(1).)
But it does not follow that the trial court's decision in this case should constitute a "trial" under section 170.6(a)(2). Unlike Stubblefield, supra, 81 Cal.App.4th 762, 97 Cal.Rptr.2d 121, which involved summary judgment, there was no "final judgment" here, and the granting of State Farm's prior writ petition will not result in the "reopening" of the case. (Cf. Stubblefield, supra, 81 Cal.App.4th at p. 766, 97 Cal.Rptr.2d 121.) Nor will the trial court, on remand, have to "make factual findings regarding the merits of [an] [anti-SLAPP] motion." (Pfeiffer, supra, 107 Cal.App.4th at p. 768, 132 Cal.Rptr.2d 400.)
Further, the trial court's rulings on State Farm's motions did not "terminate[] the action" (People v. Superior Court (Maloy), supra, 91 Cal.App.4th at p. 397, 109 Cal.Rptr.2d 897), and the trial court will not be "conduct[ing] an actual retrial" after a bench trial (Stegs, supra, 233 Cal. App.3d at p. 576, 284 Cal.Rptr. 495; see Hendershot, supra, 20 Cal.App.4th at pp. 862, 864-865, 24 Cal.Rptr.2d 645). Nor will the trial judge be presiding over a second trial in a criminal case after the Court of Appeal directed him to declare a mistrial in the first one. (Cf. Overton, supra, 22 Cal.App.4th at pp. 114-116, 27 Cal.Rptr.2d 274.)
In this case, the trial court's ruling on State Farm's Motion to Determine Applicable Law necessarily preceded any "trial." That determination  regarding what law governs  had to be made before any of plaintiffs' causes of action could be adjudicated. And the granting of the prior writ petition, which corrected the trial court's ruling, will not result in a "new trial." The trial court has yet to "try" any of plaintiffs' causes of action; it merely decided (albeit incorrectly) which state's law will apply when the case is tried or otherwise adjudicated. This crucial distinction was recognized in First State Ins. Co. v. Superior Court (2000) 79 Cal.App.4th 324, 94 Cal. Rptr.2d 104, a summary judgment case, where the Court of Appeal stated that "before respondent court will be able to decide any dispositive motions in the Action, it is clear it will first be required to determine which jurisdiction's law will be applied to the issues raised in the motions." (Id. at p. 327, 94 Cal.Rptr.2d 104, italics added.)
State Farm's Motion to Determine Applicable Law, though not expressly provided for in the Code of Civil Procedure, is the equivalent of an in limine motion that seeks to resolve a conflict of laws or choice of law issue. (See, e.g., Blakesley v. Wolford (3d Cir.1986) 789 F.2d 236; Weiss v. La Suisse, Societe D'Assurances (S.D.N.Y. 2003) 293 F.Supp.2d 397, 400-402; In re *156 W.R. Grace & Co. (Bankr.D.Del.2002) 281 B.R. 852, 855; Northland Ins. Co. v. Truckstops Corp. of America (N.D.Ill. 1995) 914 F.Supp. 216.) "Such motions are generally brought at the beginning of trial, although they may also be brought during trial when evidentiary issues are anticipated by the parties." (People v. Morris (1991) 53 Cal.3d 152, 188, 279 Cal. Rptr. 720, 807 P.2d 949, italics added, disapproved on another point in People v. Stansbury (1995) 9 Cal.4th 824, 830, fn. 1, 38 Cal.Rptr.2d 394, 889 P.2d 588; accord, Kelly v. New West Federal Savings (1996) 49 Cal.App.4th 659, 669, 56 Cal. Rptr.2d 803.) Just as an in limine motion is not itself a "trial," neither was State Farm's Motion to Determine Applicable Law. And, here, the trial court's denial of State Farm's Motion to Dismiss  a ruling with which we agreed  can hardly be considered a "trial."
Simply put, during the routine progress of this case, State Farm filed a motion to determine whether California law or Illinois law applied to plaintiffs' causes of action. The trial court concluded that California law applied. We granted State Farm's writ petition to make clear that Illinois law is controlling. And with the writ proceeding completed, the case will resume its course in the trial court and move toward trial (the first trial) or some other disposition.
Finally, State Farm argues that the peremptory challenge was valid because, after the granting of the prior writ petition, the trial court will perform more than a "ministerial" task on remand. Disqualification under section 170.6(a)(2) may be required in such a situation, depending on the circumstances. (See, e.g., Pfeiffer, supra, 107 Cal.App.4th at p. 768, 132 Cal.Rptr.2d 400 [peremptory challenge permitted where trial court dismissed action at pleading stage and, after reversal, was required to make factual findings regarding merits of anti-SLAPP motion].) But "`"[t]he term `new trial' [in the statute] is intended to cover situations where the case is to be re-tried. . . ."'" (Peracchi v. Superior Court, supra, 30 Cal.4th at p. 1258, 135 Cal.Rptr.2d 639, 70 P.3d 1054, italics added in Peracchi.) Thus, application of section 170.6(a)(2) does not rest solely on whether the trial judge is to perform a ministerial task after reversal. The statute requires  as variously phrased by the courts  an "actual retrial," a "new trial," or that a case be "retried" or "reopened." And the statute expressly requires a "new trial." As already discussed, that requirement is not satisfied here.
Accordingly, we conclude that the trial court properly denied State Farm's motion to disqualify under section 170.6(a)(2). The trial court's earlier decision on State Farm's motions, for the purpose of resolving a conflict of laws issue, did not constitute a "trial," and the granting of State Farm's prior writ petition will not result in a "new trial."

III

DISPOSITION
The petition for writ of mandate is denied. The order to show cause is discharged. The parties to this proceeding are to bear their own costs.
We concur: SPENCER, P.J., and ORTEGA, J.
NOTES
[1] The internal affairs doctrine is a conflict of laws principle which recognizes that matters of corporate governance  for example, a dispute between the board of directors and shareholders over whether to declare dividends  should be decided under the law of the company's state of incorporation. (See State Farm Mutual Automobile Ins. Co. v. Superior Court (2003) 114 Cal.App.4th 434, 442-443, 8 Cal.Rptr.3d 56 (State Farm).)
[2] "`The common law `business judgment rule' refers to a judicial policy of deference to the business judgment of corporate directors in the exercise of their broad discretion in making corporate decisions....'" (Barnes v. State Farm Mut. Auto. Ins. Co. (1993) 16 Cal.App.4th 365, 378, 20 Cal.Rptr.2d 87.) Depending on the jurisdiction, there are some exceptions to the rule. (See State Farm, supra, 114 Cal.App.4th at pp. 449-451, 8 Cal.Rptr.3d 56.)
[3] Section 170.6(a)(2) was amended in 1998, but that amendment is of no relevance here. (See Pfeiffer Venice Properties v. Superior Court (2003) 107 Cal.App.4th 761, 765-766, 132 Cal.Rptr.2d 400 (Pfeiffer) [discussing 1998 amendment].)