Filed 9/12/13  Guerrero v. Super. Ct. CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| ADELINA TAPIA GUERRERO, <br><br>     Petitioner, <br><br> v. <br><br> THE SUPERIOR COURT OF SONOMA COUNTY, <br><br>     Respondent; <br><br> JO WEBER et al., <br><br>     Real Parties in Interest. | A139545 <br><br> (Sonoma County Superior Court No. SCV-248680) |

BY THE COURT:[1]

Petitioner filed a petition for writ of mandate arguing that the trial court improperly denied her peremptory challenge under Code of Civil Procedure section 170.6.[2]  We requested informal opposition and reply, and gave notice that we may issue a peremptory writ in the first instance.  (See Code Civ. Proc., § 1088; *Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 180.)  Having received and reviewed the informal opposition and reply, we now grant petitioner's request for a peremptory writ of mandate.

_____

[1] Before Kline, P.J., Haerle, J., and Brick, J.*
*Judge of the Alameda County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.
[2] Further statutory references are to the Code of Civil Procedure.

1

Petitioner is the plaintiff in a wage and hour case. We previously granted a writ following the sustaining of real parties in interest's demurrer without leave to amend. (See *Guerrero v. Superior Court* (2013) 213 Cal.App.4th 912.) Once back at the trial court, petitioner filed a peremptory challenge against Judge Daum, the judge who had ruled on the demurrer. After Judge Daum denied the challenge, petitioner filed the instant petition. Although there is not yet a transcript from the in camera hearing where the judge explained the basis for his denial of the peremptory challenge, counsel for petitioner explains that "Judge Daum stated that peremptory challenges under CCP 170.6 subd. (a)(2) were unavailable following appellate-level reversal obtained through writ proceedings, rather than direct appeal. Judge Daum further stated that he had researched the matter and was relying upon two appellate decisions for his conclusion, to wit: *Peracchi v. Superior Court of Fresno County* [(]2003) 30 Cal. 4th 1245 and *State Farm Automobile Insurance Company v. Superior Court of Los Angeles County* [(2004)] 121 Cal.App.4th 490, at 503." In their informal response, real parties do not dispute this representation and declined to argue in favor of the trial court ruling.

Section 170.6, subdivision (a)(2), allows for a peremptory challenge to "be made following reversal on appeal of a trial court's decision . . . if the trial judge in the prior proceeding is assigned to conduct a new trial on the matter." This appellate reversal rule has been held to apply to writ review in the Court of Appeal resulting in a "new trial." (*Overton v. Superior Court* (1994) 22 Cal.App.4th 112.) In that case, the court recognized that "the concern that a trial judge might be biased against a party who succeeds in obtaining a new trial is obviously just as substantial in a writ proceeding as it is in an appeal." (*Id*. at p. 115.) Therefore, a party "is entitled to timely demand a new judge if a new trial is granted as part of writ relief." (*Ibid*.)

*State Farm*, apparently relied upon by the trial judge, does not hold differently. There, the court found the prevailing party in a writ was not entitled to challenge the judge upon remand because "of the limited nature of the prior writ proceeding."

2

(121 Cal.App.4th 490, 493.)  In the prior writ in *State Farm*, the Court of Appeal reversed the trial court on a choice of law issue and the prevailing party tried to challenge the judge on remand.  When the challenge was denied, a petition for writ of mandate was filed, which the Court of Appeal denied.  The court "assume[d], without deciding, that [the appellate reversal rule in section 170.6] applies" to writs (*id*. at p. 499) but found petitioner was not entitled to a peremptory challenge because the statute contemplates two "trials" and there had not been a "trial" prior to the first writ.  (*Id*. at pp. 499–500.) The court in *State Farm* "acknowledge[d] that, for the purposes of section 170.6(a)(2), certain types of motions constitute a 'trial.'  A motion for summary judgment falls into this category. . . .  [¶]  Similarly, the granting of an anti-SLAPP motion constitutes a 'trial.'  [Citations.]"  (*Id*. at p. 501.)  The choice of law motion, however, did not constitute a trial because it "did not 'terminate[] the action' [citation]," like a summary judgment motion.  (*Id*. at p. 502.)

Thus, the question here is whether the sustaining of a demurrer without leave to amend constitutes a "trial" for the purposes of section 170.6.  Certainly, if a summary judgment motion qualifies as a trial for section 170.6 purposes, sustaining a demurrer without leave to amend does as well; indeed, it would have terminated those causes of action.  Moreover, the demurrer certainly was not an ancillary or "preliminary issue" like determining applicable law.  Therefore, petitioner was allowed to challenging Judge Daum under the appellate reversal rule in section 170.6.

Let a peremptory writ of mandate issue commanding respondent to withdraw its order denying petitioner's challenge of Judge Daum under the appellate reversal rule in section 170.6 and to enter a new and different order consistent with this opinion.

3