Filed 6/22/26  R.M. v. Superior Court CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| R.M., | |
| Petitioner, | E088300 |
| v. | (Super.Ct.No. DRPI2300216) |
| THE SUPERIOR COURT OF RIVERSIDE COUNTY, | ORDER MODIFYING OPINION |
| Respondent; | [NO CHANGE IN JUDGMENT] |
| RIVERSIDE COUNTY DEPARTMENT OF PUBLIC SOCIAL SERVICES, | |
| Real Party in Interest. | |

THE COURT

On our own motion, the Court ORDERS the opinion filed June 17, 2026, modified as follows.

On page 1, replace "Ruben Mejia" with R.M.

On page 3, starting with, "Upon remand, on April 14, 2026" replace "Mejia" with R.M.

1

This modification does not change the judgment.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MENETREZ        

J.

We concur:

McKINSTER      

      Acting P. J.

CODRINGTON     

      J.

Filed 6/17/26  R.M. v. Superior Court CA4/2 (unmodified opinion)

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

|  |  |
|---|---|
| R.M., | |
| Petitioner, | E088300 |
| v. | (Super.Ct.No. DRPI2300216) |
| THE SUPERIOR COURT OF RIVERSIDE COUNTY, | OPINION |
| Respondent; | |
| RIVERSIDE COUNTY DEPARTMENT OF PUBLIC SOCIAL SERVICES, | |
| Real Party in Interest. | |

ORIGINAL PROCEEDINGS; petition for writ of mandate.  Mark E. Petersen, Judge.  Petition granted.

Ruben Mejia, in pro. per., for Petitioner.

No appearance for Respondent.

Minh C. Tran, County Counsel, and Julie Jarvi, Deputy County Counsel, for Real Party in Interest.

Petitioner filed a petition for writ of mandate to reverse the trial court's denial of his motion for disqualification pursuant to Code of Civil Procedure section 170.6, subdivision (a)(2).  (Unlabeled statutory citations refer to this code.)  This court invited respondent and real party in interest to respond, and we advised the parties that we were considering issuing a peremptory writ in the first instance pursuant to *Palma v. U.S. Industrial Fasteners, In*c. (1984) 36 Cal.3d 171, 178.  On May 21, 2026, real party in interest filed a response indicating they did not oppose the petition[1].  Having received no opposition and good cause being shown, we grant the petition and issue a peremptory writ in the first instance directing the respondent court to vacate its order denying petitioner's motion, and to enter a new order granting the motion.

## BACKGROUND

Petitioner is a self-represented father in juvenile dependency proceedings.  On October 27, 2025, petitioner filed Welfare and Institutions Code section 388 petitions as to his two children.  On October 29, 2025, Judge Kubelun summarily denied the petitions.  On April 6, 2026, this court issued an opinion reversing and remanding to the juvenile court with directions to conduct a new hearing to consider the merits of the petitions under Welfare and Institutions Code section 388, including any evidence developed after the filing of his petition.

---

[1]  This court also received an unsolicited filing from petitioner, on May 28, 2026, which contains a request for judicial notice.  The request for judicial notice is denied.  (Evid. Code, §§ 451, 452.)

Upon remand, on April 14, 2026, Mejia filed a declaration seeking to disqualify Judge Kubelun pursuant to section 170.6.  Judge Petersen denied petitioner's challenge the same day as untimely.

## STANDARD OF REVIEW

Where the underlying material facts are not in dispute, we review a trial court's denial of a section 170.6 challenge de novo.  (*Garcia v. Superior Court* (2023) 92 Cal.App.5th 47, 54.)

## DISCUSSION

Section 170.6 allows a party to file a disqualification motion "following reversal on appeal of a trial court's decision, or following reversal on appeal of a trial court's final judgment, if the trial judge in the prior proceeding is assigned to conduct a new trial on the matter."  (§ 170.6, subd. (a)(2).)  The term "new trial" is not limited to jury trials or court trials but is intended to cover situations in which the case is to be retried and not merely remanded with instructions to perform a specific task.  (*State Farm Mutual Automobile Ins. Co. v. Superior Court* (2004) 121 Cal.App.4th 490, 496 (*State Farm*).)  Application of subdivision (a)(2) of section 170.6 "does not turn on … whether the issue(s) to be resolved on remand are limited, but what the court must do to resolve them. If the court's function is merely a ministerial act (such as the recalculation of interest), [this rule] does not apply."  (*State Farm*, *supra*, at p. 496.)  The statute requires that the motion be made within 60 days after receiving notice of the assignment.  (*Ibid*.)

This court's opinion in the prior appeal reversed Judge Kubelun's ruling denying petitioner's Welfare and Institution Code section 388 petitions. The petition and record reflect that on remand the case was again assigned to Judge Kubelun for compliance with this court's directions. Petitioner filed his challenge within 60 days of receiving notice of the assignment, as required. Although this matter does not involve a court trial or a jury trial, we have directed the juvenile court to consider petitioner's Welfare and Institution Code section 388 petitions on the merits, and that is not a merely ministerial act. For all of these reasons, the court erred by denying petitioner's motion for disqualification as untimely. We therefore grant the writ petition and direct the trial court to grant the motion.

DISPOSITION

Let a peremptory writ of mandate issue directing the respondent superior court to vacate its order denying petitioner's motion for disqualification of Judge Kubelun pursuant to section 170.6, subdivision (a)(2), and to enter a new order granting disqualification and assigning the case to a different judge. The temporary stay is dissolved upon issuance of the remittitur.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MENETREZ
J.

We concur:

McKINSTER
Acting P. J.

CODRINGTON
J.

4