Filed 2/29/16  Nguyen v. Superior Court CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| HANH NGUYEN, a Minor, etc., | No. H042016 |
| Petitioner, | (Santa Clara County Super. Ct. No. 110CV185748) |
| v. | |
| THE SUPERIOR COURT OF SANTA CLARA COUNTY | |
| Respondent, | |
| WESTERN DIGITAL CORPORATION, | |
| Real Party in Interest. | |

The Code of Civil Procedure provides that on remand "following reversal on appeal of a trial court's decision" or "final judgment," a party is entitled to a peremptory challenge "if the trial judge in the prior proceeding is assigned to conduct a new trial on the matter."  (Code of Civ. Proc., § 170.6, subd. (a)(2).)[1]  In this writ proceeding, we consider whether a party who obtains a reversal of a judgment of dismissal based on an order sustaining a demurrer without leave to amend is entitled to a postappeal peremptory challenge of the judge who sustained the demurrer and entered the judgment when the case is reassigned to that same judge for case management.

---

[1] Further statutory references are to the Code of Civil Procedure.

We hold that (1) a judgment of dismissal based on an order sustaining a demurrer is a "final judgment" that may trigger the right to a postappeal peremptory challenge under section 170.6; and (2) this case has been remanded to the trial court "to conduct a new trial" within the meaning of section 170.6, subdivision (a)(2) since the case has been reopened and may require an actual trial. We hold further that the 60-day period for making a postappeal peremptory challenge began to run in this case when the parties were notified the matter was reassigned for case management to the judge whose decision had been reversed on appeal. We shall therefore issue a peremptory writ of mandate directing respondent court to vacate its order denying the peremptory challenge and to enter a new and different order granting the challenge.

## FACTS

The facts and procedural history are based on the exhibits Petitioner Hanh Nguyen (Hanh)[2] submitted in support of her writ petition, as well as this court's published opinion in the appeal that resulted in reversal of the judgment of dismissal. (*Nguyen v. Western Digital Corp.* (2014) 229 Cal.App.4th 1522, 1528 (*Nguyen*).)

Hanh was born with agenesis of the corpus callosum (a condition affecting the structure of the brain) and other birth defects. Hanh alleges her birth defects were caused by her mother's occupational exposure to hazardous materials and toxic substances at a semiconductor manufacturing facility owned and operated by real party in interest Western Digital Corporation (WDC). Hanh's mother, Lan Tran, worked in "clean rooms" at WDC's Santa Clara facility for 11 years, including when she was pregnant with Hanh, who was born in August 1994.

---

[2] In the prior appeal, we referred to Hanh Nguyen and members of her family by their first names to avoid confusion. (*Nguyen*, *supra*, 229 Cal.App.4th at pp. 1528-1529.) We will continue to use first names in this writ proceeding.

2

Hanh alleges her parents did not know her birth defects were caused by exposures to toxic substances at WDC until December 2008, when members of her family heard on the radio that certain attorneys were investigating cases of birth defects caused by chemical exposures in the semiconductor industry. Hanh's family retained those attorneys to investigate Hanh's injuries and to represent her in this action. Hanh alleges that after the attorneys investigated her case, her parents learned for the first time that her injuries were due to exposure to hazardous materials and toxic substances at WDC.

## PROCEDURAL HISTORY

### I. Demurrer and Judgment of Dismissal

Hanh filed her original complaint in October 2010. By that time, Hanh was 16 years old. WDC responded to Hanh's complaints with a series of demurrers. The operative pleading is the third amended complaint.

In its demurrers, WDC argued that Hanh's claims were barred by the six-year limitations period in section 340.4 for birth and pre-birth injuries. WDC also argued that Hanh had failed to plead sufficient facts to demonstrate delayed accrual under the discovery rule.

In opposition, Hanh argued that her claims were subject to the two-year limitations period in section 340.8 for injuries caused by exposure to hazardous materials, not the limitations period in section 340.4 for injuries caused before or during birth. (For clarity, we will sometimes use the parenthetical "(pre-birth injuries)" after references to section 340.4 and the parenthetical "(toxic exposures)" after references to section 340.8.) Hanh also argued that (1) her claims were timely under section 340.8 (toxic exposures) based on both tolling for minority and insanity (§ 352) and delayed accrual under the discovery rule, and (2) even if her claims were subject to section 340.4 (pre-birth injuries), they were not time-barred under the discovery rule.

The trial court sustained WDC's demurrer to the third amended complaint without leave to amend. The court found Hanh's claims were time-barred under section 340.4 (pre-birth injuries). The court also concluded that by the time Lan stopped working for WDC in 1998, she would have had a suspicion there could be a causal connection between her occupational exposures and Hanh's injuries, and the statute of limitations would have begun to run. The court subsequently entered a judgment of dismissal.

## II. Appeal Following Judgment of Dismissal

Hanh appealed the judgment. Construing both section 340.4 and section 340.8, this court held that claims based on birth or pre-birth injuries due to exposure to hazardous materials or toxic substances are subject to section 340.8's two-year limitations period for toxic exposures. (*Nguyen*, *supra*, 229 Cal.App.4th at p. 1528.) The court also held that since Hanh is entitled to tolling for minority that applies to such claims, her action—filed when she was 16 years old—was timely. (*Nguyen*, at p. 1528.) This court reversed the judgment and remanded the case to the trial court to vacate its previous order and enter a new order overruling the demurrer. (*Id.* at pp. 1528, 1555.) The California Supreme Court denied WDC's petition for review on December 17, 2014. This court issued its remittitur on December 18, 2014.

## III. Postappeal Proceedings in the Trial Court

On December 19, 2014, the superior court issued a notice scheduling a "Case Status Review" for February 5, 2015, before the same judge who had sustained the demurrer, granted the judgment of dismissal, and whose decision had been reversed on appeal. Hanh's attorney appeared for the review hearing. The judge asked the parties to prepare a new order on WDC's demurrers that complied with the decision on appeal. The judge also set the matter for a further case status hearing on April 21, 2015.

4

The next day, Hanh filed a motion for peremptory challenge based on section 170.6, subdivision (a)(2). The motion requested that "the trial or hearing, which involves a contested issue of law or fact, and which has been assigned to [the same judge], be reassigned . . . , and that no matters hereinafter arising in this cause be heard or assigned to [the same judge], on the ground that [the same judge] is prejudiced against" Hanh.

On February 9, 2015, the clerk of the court sent a "Request for Action" form to the judge with the peremptory challenge attached. The clerk marked the box "For your review and instruction" and asked: "Is challenge timely?" The judge responded, "No. *Grant v. Superior Court* (2001) 90 Cal.App.4th 518 [(*Grant*)]." The court did not schedule a hearing on the motion and did not request a response from WDC.

## IV. Writ Proceedings in This Court

On February 26, 2015, Hanh filed a petition for writ of mandate, asking this court to direct the trial court to vacate its order denying the peremptory challenge and enter a new order granting the challenge. We requested and received preliminary opposition from WDC. Hanh filed a reply brief.

On June 4, 2015, this court received a letter from Hanh's counsel with information regarding trial court proceedings that occurred after Hanh filed her petition for writ of mandate. According to the letter, WDC filed a motion for summary judgment on June 2, 2015, which was scheduled for hearing before the same trial judge whose decision had been reversed on appeal.

On June 24, 2015, Hanh made a motion in this court to temporarily stay the proceedings in the trial court pending our decision in this writ proceeding. According to Hanh, in addition to WDC's motion for summary judgment, the parties filed three

5

discovery motions after the court denied her peremptory challenge.[3] WDC opposed the request for a stay. On July 2, 2015, to permit further consideration of the issues raised by the writ petition, we issued an order staying all trial court proceedings.

**DISCUSSION**

## I. Standard of Review

Appellate courts have reached different conclusions regarding the appropriate standard of review of the denial of a section 170.6 peremptory challenge. Several appellate decisions have reviewed denials of such challenges under the abuse of discretion standard. (*Zilog, Inc. v. Superior Court* (2001) 86 Cal.App.4th 1309, 1315 (*Zilog*); see also *Jonathon M. v. Superior Court* (2006) 141 Cal.App.4th 1093, 1098; *Grant*, *supra*, 90 Cal.App.4th at p. 523.) "Other courts have observed that, '[i]n deciding a section 170.6 motion, the trial court has no discretion' so it is 'appropriate to review a decision granting or denying a peremptory challenge under section 170.6 as [a question]

---

[3] After Hanh filed her writ petition, she submitted three additional exhibits to this court relating to matters that occurred *after* the trial court denied her peremptory challenge. Those exhibits include: (1) WDC's case management conference statement filed (Exhibit 14); (2) WDC's notice of motion for summary judgment filed (Exhibit 15); and (3) WDC's proof of service of its motion for summary judgment (Exhibits 16). Generally, an appellate court will not consider documents or facts that were not before the trial court when it made the ruling under review. (*BGJ Associates v. Superior Court* (1999) 75 Cal.App.4th 952, 957-958; *Doers v. Golden Gate Bridge, etc. Dist.* (1979) 23 Cal.3d 180, 184, fn. 1.) We review the correctness of a judgment or order "as of the time of its rendition, upon a record of matters [that] were before the trial court for its consideration." (*In re Zeth S.* (2003) 31 Cal.4th 396, 405; § 1110; Cal. Rules of Court, rule 8.4(2).) Matters that occur *after* rendition of the challenged judgment or order will generally be disregarded by the appellate court. (*Reserve Ins. Co. v. Pisciotta* (1982) 30 Cal.3d 800, 813.) There are exceptions to this rule, none of which apply here. (*Ibid.*; see also Eisenberg et al., Cal. Practice Guide: Civil Appeals and Writs (The Rutter Group 2015) ¶¶ 8:176-8:188, pp. 8-136 to 8-141.) We shall hereafter disregard the motions filed in the trial court after the court denied Hanh's peremptory challenge, as well as Hanh's Exhibits 14 through 16.

6

of law' using the 'nondeferential de novo standard.' " (*Swift v. Superior Court* (2009) 172 Cal.App.4th 878, 882 (*Swift*), quoting *Ziesmer v. Superior Court* (2003) 107 Cal.App.4th 360, 363; see also *Jane Doe 8015 v. Superior Court* (2007) 148 Cal.App.4th 489, 493 (*Jane Doe*) [applying independent standard of review].) In *Swift* and *Jane Doe*, this court held that the de novo standard of review is appropriate when the correctness of the court's ruling on the peremptory challenge turns on the application of law to undisputed facts. (*Swift*, at p. 882; *Jane Doe*, at p. 493.)

The relevant facts in this matter are undisputed; therefore, we will apply a de novo standard of review to the court's ruling on the peremptory challenge. With respect to the interpretation of a statute, that is a question of law we also review de novo. (*People ex rel. Lockyer v. Shamrock Foods Co.* (2000) 24 Cal.4th 415, 432.)

## II. *General Principles Regarding Section 170.6 Peremptory Challenges*

The California Supreme Court has observed that section 170.6 " 'provides in substance that any party or attorney to a civil or criminal action may make an oral or written motion to disqualify the assigned judge, supported by an affidavit that the judge is prejudiced against such party or attorney or the interest thereof so that the affiant cannot or believes he [or she] cannot have an impartial trial. . . . [T]here are strict limits on the timing and number of such motions; but if the motion is timely and in proper form, the judge must recuse himself [or herself] without further proof and the case must be reassigned to another judge.' " (*Peracchi v. Superior Court* (2003) 30 Cal.4th 1245, 1252 (*Peracchi*).)

"[T]he statute reasonably serves the Legislature's evident purpose of 'maintaining the appearance as well as the fact of impartiality in the judicial system: the business of the courts . . . must be conducted in such a manner as will avoid even the "suspicion of unfairness." ' " (*Peracchi*, *supra*, 30 Cal.4th at p. 1252.) "By enacting section 170.6, the Legislature *guaranteed* litigants the right to automatically disqualify a judge based solely

7

on a good faith belief in prejudice; proof of actual prejudice is not required." (*Stephens v. Superior Court* (2002) 96 Cal.App.4th 54, 62, original italics.)

Subdivision (a)(1) of section 170.6 identifies the types of judicial officers and hearings that are subject to a peremptory challenge. It provides: "A judge, court commissioner, or referee of a superior court of the State of California shall not try a civil or criminal action . . . nor hear any matter therein that involves a contested issue of law or fact when it is established as provided in this section that the judge or court commissioner is prejudiced against a party or attorney or the interest of a party or attorney appearing in the action or proceeding."

Subdivision (a)(2) of section 170.6 sets forth some of the procedural requirements for a motion to disqualify, including restrictions on the timing of the motion. The second paragraph of subdivision (a)(2), which Hanh relied on as the basis for her motion, applies to postappeal peremptory challenges. It provides: "A motion under this paragraph may be made following reversal on appeal of a trial court's decision, or following reversal on appeal of a trial court's final judgment, *if the trial judge in the prior proceeding is assigned to conduct a new trial on the matter.* . . . The motion shall be made within 60 days after the party or the party's attorney has been notified of the assignment." (Italics added.)

### III. *Preappeal Peremptory Challenges to Case Management Judges*

Hanh argues the trial judge, who was reassigned the matter for case management on remand, erred when she denied the peremptory challenge as untimely under *Grant*, *supra*, 90 Cal.App.4th 518. We agree.

*Grant* involved a *preappeal* peremptory challenge to a case management judge, not a *postappeal* challenge. The plaintiff in *Grant* filed a personal injury action in Santa Clara County Superior Court. (*Grant*, *supra*, 90 Cal.App.4th at pp. 518, 522.) Upon filing her complaint, the case was assigned for case management. After the complaint

8

was filed, but before the defendant answered, the trial judge granted two ex parte applications made by Grant. (*Id.* at p. 522.) Thereafter, Grant filed a section 170.6 peremptory challenge. At a case management conference 11 days later, the trial judge asked Grant to file a letter brief regarding the timeliness of her challenge. In her letter brief, Grant argued that her peremptory challenge had been timely filed more than five days before any hearing date, as required by the 10-day/5-day rule in section 170.6. She also argued that a peremptory challenge is timely whenever a hearing that involves a contested fact issue has yet to be held. (*Grant*, at p. 522.) The trial judge denied the peremptory challenge on the ground it was " 'untimely,' " and the plaintiff filed a petition for a writ of mandate challenging that ruling. (*Id.* at pp. 522-523.) This court held that the trial court did not err because Grant's "peremptory challenge was filed at a time when a peremptory challenge is not permitted under the rules set forth in section 170.6." (*Grant*, *supra*, 90 Cal.App.4th at p. 523.)

In *Grant*, this court reviewed the various deadlines for filing a *preappeal* peremptory challenge and concluded that a section 170.6 preappeal challenge is not permitted absent a pending trial or hearing. (*Grant*, *supra*, 90 Cal.App.4th at pp. 524-525.) The court explained: "The general rule . . . that a challenge may be made any time before the commencement of a trial or hearing, merits further discussion because the rule is sometimes misconstrued to allow a peremptory challenge at any time during the course of litigation. A peremptory challenge cannot be filed or accepted at any time. To the contrary, the plain language of section 170.6, [former] subdivision (1) [(now subdivision (a)(1))] expressly limits a peremptory challenge to those times when either a trial or a hearing involving a contested issue of law or fact is pending on the trial court's calendar." (*Grant*, *supra*, 90 Cal.App.4th at p. 525.)[4] The court concluded that "[t]he limited right

_____

**4** Section 107.6 was amended in 2003 to make technical changes and former subdivision (1) was renumbered subdivision (a)(1). (Stats. 2003, ch. 62, § 22.) Former

of section 170.6 does not, therefore, permit a peremptory challenge to be filed or accepted absent a pending trial, a pending hearing involving a contested issue of fact or law, or an all purpose assignment. . . . A 'hearing' within the meaning of section 170.6 has been defined as 'a hearing wherein the court is called upon to *rule* upon some disputed issue of law or fact based upon legal argument or evidence or both before the court.' [Citation.]" (*Grant*, at p. 526, original italics.) The court held that since "a case management conference does not involve a determination of contested issues of law or fact," a *preappeal* peremptory challenge under section 170.6 could not be used to disqualify a judge from presiding at a case management conference. (*Grant*, at p. 528.) The court also rejected Grant's contention that a peremptory challenge could be filed on the basis that "a hearing on a contested matter may be held in the future course of litigation." (*Ibid.*) The court acknowledged that case management judges in Santa Clara County hear law and motion matters, but it noted that "when a law and motion matter requires determination of a contested issue of law or fact, a peremptory challenge may be filed to disqualify the judge from hearing the motion. [Citation.]" (*Id.* at p. 526.)

The trial judge here cited *Grant* in her order denying Hanh's peremptory challenge. But *Grant* is not controlling because *Grant* did not involve a *postappeal* peremptory challenge or consider the language of the second paragraph in subdivision (a)(2) of section 170.6, discussed below, which governs postappeal challenges.

## IV. *Postappeal Peremptory Challenges*

### A. Text and Legislative History of the Second Paragraph in Subdivision (a)(2) of Section 170.6

As we have noted, the second paragraph of subdivision (a)(2) of section 170.6 provides: "A motion under this paragraph may be made following reversal on appeal of a

_____

subdivision (1) of section 170.6 referenced in *Grant* is substantially similar to current subdivision (a)(1) of the statute.

trial court's decision, or following reversal on appeal of a trial court's final judgment, *if the trial judge in the prior proceeding is assigned to conduct a new trial on the matter.* . . . The motion shall be made within 60 days after the party or the party's attorney has been notified of the assignment." (Italics added.) The provision authorizing a postappeal peremptory challenge was added to section 170.6 by amendment in 1985. (Stats. 1985, ch. 715, § 1; *Stegs Investments v. Superior Court* (1991) 233 Cal.App.3d 572, 575 (*Stegs*).)

Before its amendment in 1985, section 170.6 did not expressly provide for a peremptory challenge in a new trial following reversal on appeal. (*State Farm Mutual Automobile Ins. Co. v. Superior Court* (2004) 121 Cal.App.4th 490, 496 (*State Farm*).) Prior to 1985, it was common to assign a case that had been remanded by an appellate court for a new trial to the same judge who had heard the case previously. (*Ibid.*) " 'This policy was based on the premise that the trial judge who presided over the first trial was familiar with the issues in the case and was in a better position to expeditiously resolve the matter pursuant to the appellate decision.' " (*Ibid.*, quoting *Stegs*, *supra*, 233 Cal.App.3d at p. 575.)

"The concern expressed by the proponents of the 1985 amendment was that a judge who had been reversed might prove to be biased against the party who successfully appealed the judge's erroneous ruling at the original trial. The amendment was 'intended to permit a party to challenge a judge who had been assigned to conduct the "new trial" of the case in which his or her decision was reversed on appeal. The term "new trial" is intended to cover situations where the case is to be *re-tried* and not merely remanded with instructions to perform some specific task (e.g., recalculate interest).' " (*Stegs*, *supra*, 233 Cal.App.3d 572, 575-576 italics added, quoting Assem. Com. on Jud. Analysis of Assem. Bill No. 1213 (1985–1986 Reg. Sess.) as amended May 15, 1985.)

In *Peracchi*, the California Supreme Court rejected the assertion that "the Legislature intended to protect, in *all* circumstances, parties who have prevailed on

11

appeal from the presumed ire or potential bias of trial judges whose rulings have been reversed." (*Peracchi*, *supra*, 30 Cal.4th at p. 1261; original italics.) The court concluded this assertion "is incompatible with the evolution of the 1985 amendment as it passed through the Legislature. Initially, the language of the proposed amendment apparently would have applied to any hearing on remand, but that language was amended to refer instead to cases in which the trial judge was assigned to conduct a *new trial*. [Citation.]" (*Id.* at p. 1262, original italics.)

## B. Rules of Statutory Construction

To resolve this matter, we must interpret section 170.6, subdivision (a)(2). " '[A]s in any case of statutory interpretation, our task is to determine afresh the intent of the Legislature by construing in context the language of the statute.' [Citation.] In determining such intent, we begin with the language of the statute itself. [Citation.] That is, we look first to the words the Legislature used, giving them their usual and ordinary meaning. [Citation.] 'If there is no ambiguity in the language of the statute, "then the Legislature is presumed to have meant what it said, and the plain meaning of the language governs." ' [Citation.] 'But when the statutory language is ambiguous, "the court may examine the context in which the language appears, adopting the construction that best harmonizes the statute internally and with related statutes." ' [Citation.] [¶] In construing a statute, we must also consider ' "the object to be achieved and the evil to be prevented by the legislation." ' [Citation.]" (*People v. Superior Court* (*Zamudio*) (2000) 23 Cal.4th 183, 192-193 (*Zamudio*).) We give effect to statutes according to the usual, ordinary import of the language used in them. And we give significance to every word, phrase, sentence, and part of an act and harmonize the various parts of a statute by considering clauses or sections in the context of the statutory framework as a whole. (*Moyer v. Workmen's Comp. Appeals Bd.* (1973) 10 Cal.3d 222, 230-231.)

**C. The judgment here was a "final judgment" within the meaning of section 170.6 for the purpose of a postappeal peremptory challenge.**

Section 170.6, subdivision (a)(2) provides that a postappeal peremptory challenge "may be made following reversal on appeal of *a trial court's decision*, or following reversal on appeal of *a trial court's final judgment*, if the trial judge in the prior proceeding is assigned *to conduct a new trial* on the matter." (Italics added.) As we shall explain, in determining whether a party may exercise a postappeal peremptory challenge, courts have examined both the nature of the "decision" or "final judgment" that was reversed on appeal and the purpose for which the case has been remanded to the trial court.

We begin by examining the nature of the judgment reversed in this case. Hanh argues that the reversal in this case will require a "new trial" within the meaning of section 170.6. WDC disputes whether reversal of the judgment will require a "new trial." WDC argues that the judge whose decision was reversed on appeal was not a "trial judge" within the meaning of section 170.6, but was instead serving as a case management judge when she sustained the demurrer and granted the judgment of dismissal.

Section 170.6 does not define the term "new trial." In examining the "new trial" requirement in section 170.6, appellate courts have reviewed the statutes and cases governing motions for a new trial. (See e.g., *State Farm*, *supra*, 121 Cal.App.4th at pp. 497-498; *Paterno v. Superior Court* (2004) 123 Cal.App.4th 548, 559-560 (*Paterno*); *Hendershot v. Superior Court* (1993) 20 Cal.App.4th 860, 864-865 (*Hendershot*).) In civil cases, courts have relied on the definition in section 656, which defines "new trial" as the "re-examination of an *issue of fact* in the same court after a trial and decision by a jury, court, or referee." (§ 656, italics added; *State Farm*, at pp. 497-498; *Paterno*, at pp. 559-560; *Hendershot*, at pp. 864-865.) This statutory definition on its face does not include a reexamination of an *issue of law*. As one court has observed: "A literal reading

13

of section 656 would preclude a motion for new trial after a judgment entered on a motion for summary judgment, a dismissal after a demurrer, or a motion to dismiss." (*People v. Superior Court* (*Maloy*) (2001) 91 Cal.App.4th 391, 397 (*Maloy*).)  But the California Supreme Court rejected a literal reading of this statute almost 60 years ago in *Carney v. Simmonds* (1957) 49 Cal.2d 84 (*Carney*) and has construed section 656 "quite broadly."  (*Maloy*, at p. 397; see also *Peracchi*, *supra*, 30 Cal.4th at p. 1259.)

In *Carney*, our high court held that in addition to re-examining "an issue of fact" as expressly authorized by section 656, "there may be a 'trial' and hence a situation proper for a new trial motion where only issues of law are determined. . . .  [¶]  As a matter of orderly procedure there is no less reason why the trial court should have a second chance to reexamine its judgment where issues of fact are involved than where issues of law or law and fact are decided."  (*Carney*, at p. 90, citation omitted.)  The court held that a motion for new trial would be proper where judgment had been entered in a number of situations, including:  (1) judgment on the pleadings, (2) judgment for failure to state a cause of action, (3) judgment after a plaintiff's opening statement or at the close of a plaintiff's evidence, (4) judgment on a directed verdict, (5) *judgment after a demurrer is sustained without leave to amend*, and (6) judgment on an agreed statement of ultimate facts.  (*State Farm*, *supra*, 121 Cal.App.4th at p. 498, citing *Carney*, 49 Cal.2d at pp. 88-91.)  The definition in section 656, "as applied by the courts in ruling on motions for a new trial, is helpful in determining when a peremptory challenge is permitted."  (*State Farm*, at p. 497.)

We find *Stubblefield Construction Co. v. Superior Court* (2000) 81 Cal.App.4th 762 (*Stubblefield*), which involved a summary judgment, instructive.  The real party in interest in *Stubblefield* asserted that a section 170.6 postappeal peremptory challenge did not apply, arguing that "because the proceedings were terminated by summary judgment, rather than by judgment after *trial*, the remand will not result in a *new* trial, but in a *first* trial."  (*Stubblefield*, at p.765, original italics.)  The appellate court disagreed.  Relying on

the broad definition of "new trial" in section 656, the court "recognized that a motion for new trial may properly be addressed to a summary judgment." (*Ibid.*) The court observed that "[a]lthough there was no full trial of the matter . . . , a final judgment was entered" and the appellate court's partial reversal of the judgment required "that the case be reopened, with an actual trial if necessary." (*Id.* at p. 766.) The court also noted that its partial reversal "reflected [the] view that the trial judge erred in a crucial decision of law." (*Ibid.*)

In *Pfeiffer Venice Properties v. Superior Court* (2003) 107 Cal.App.4th 761 (*Pfeiffer*), which also involved a remand after reversal of the trial court's order on a law and motion matter, the court held that a post appeal peremptory challenge may be asserted on remand for consideration of an attorney fee award under the anti-SLAPP statute. The *Pfeiffer* court reasoned that a trial court "must make factual findings regarding the merits of real parties in interest's SLAPP motion in order to determine the propriety of a fee award." (*Id.* at pp. 767-768.)

Other courts have held that the reversal of a trial court's decision or judgment in other types of law and motion matters does *not* give rise to a postappeal peremptory challenge. In *State Farm*, for example, the court held that a pretrial choice-of-law motion was not the type of proceeding that would trigger a postappeal peremptory challenge, since the hearing on the motion neither adjudicated the case on the merits nor otherwise terminated the lawsuit. (*State Farm, supra*, 121 Cal.App.4th at pp. 501-503.) And in *Burdusis v. Superior Court* (2005) 133 Cal.App.4th 88, 93 (*Burdusis*), the court held that the plaintiff was not entitled to a postappeal peremptory challenge after reversal of an order denying his motion for class certification. The court noted that the matter was remanded "for the sole purpose of allowing the trial court to consider the record in light of two new decisions filed after the appeal." (*Burdusis*, at pp. 90-91.) The court explained that in each of the cases in which a postappeal peremptory challenge applied, "the remand was from review of a decision that either addressed the merits or otherwise

15

terminated the case. The significance of this fact lies in the definition of new trial (§§ 656, 657). Ordinarily, a motion for a new trial is preceded by a trial, which is, in most instances, an examination of law and fact resulting in a judgment." (*Burdusis*, at p. 93, citing *State Farm*, *supra*, 121 Cal.App.4th at p. 500.) The court went on to note that a "pretrial motion that neither reached the merits of the controversy, nor terminated the action, was not a trial that would trigger section 170.6, subdivision (a)(2)." (*Burdusis*, at p. 93.)

We conclude the judgment here was a "final judgment" within the meaning of section 170.6 for the purpose of a postappeal peremptory challenge. After the trial court sustained the demurrer without leave to amend, it entered a judgment of dismissal that terminated the case. On remand, the case will be reopened for further proceedings in the trial court, which may include another dispositive motion or "an actual trial if necessary." (*Stubblefield*, *supra*, 81 Cal.App.4th at p. 766.) The demurrer proceeding also "adjudicated the case on the merits or otherwise terminated it." (*State Farm*, *supra*, 121 Cal.App.4th at p. 501.) We find further support for our conclusion in *Carney*, which stated that a judgment of dismissal based on a demurrer sustained without leave to amend is among the judgments that trigger a right to file a new trial motion. (*Carney*, *supra*, 29 Cal.2d at pp. 88-90.)

We turn next to the question whether on remand, this matter has been reassigned to the same judge "to conduct a new trial" within the meaning of section 170.6.

### D. This matter was remanded "to conduct a new trial" within the meaning of section 170.6.

The second paragraph of subdivision (a)(2) of section 170.6 provides for a peremptory challenge "following reversal on appeal of a trial court's decision" or "final judgment, if the trial judge in the prior proceeding is assigned *to conduct a new trial* on the matter." (§ 170.6, subd; (a)(2); italics added.) "As several Courts of Appeal have

recognized: 'The legislative history of the 1985 amendment suggests that the applicability of [the relevant statutory language] does not turn on . . . whether the issue(s) to be resolved on remand are limited, but what the court must do to resolve them. If the court's function is merely a ministerial act (such as the recalculation of interest), the 1985 amendment does not apply. If, however, the court must conduct an *actual retrial*, even if that trial involves only one issue, the court may be disqualified upon a timely affidavit filed pursuant to section 170.6.' " (*State Farm*, *supra*, 121 Cal.App.4th at pp. 496-497, original italics, citing *Stegs*, *supra*, 233 Cal.App.3d at p. 576; *Hendershot*, *supra*, 20 Cal.App.4th 863-864; *Overton v. Superior Court* (1994) 22 Cal.App.4th 112, 114-115 (*Overton*); *Stubblefield*, *supra*, 81 Cal.App.4th 762, 765-766; and *Pfeiffer*, *supra*, 107 Cal.App.4th 761, 767-768.)

Courts have concluded that an appellate remand required a "new trial" for the purpose of a postappeal peremptory challenge in civil cases where: (1) a judgment was reversed after a bench trial, and the case was remanded for an evidentiary hearing and the determination of an issue of fact (*Stegs*, *supra*, 233 Cal.App.3d at pp. 574, 576; *Hendershot*, *supra*, 20 Cal.App.4th at pp. 861-862, 864-865; *Keith R. v. Superior Court* (2009) 174 Cal.App.4th 1047, 1057-1058 [proceedings on remand required "a new trial on permanent custody and move-away"]); (2) a summary judgment was reversed on appeal, and the case was remanded to the same judge for all purposes (*Stubblefield*, *supra*, 81 Cal.App.4th at pp. 764-766; *Jane Doe, supra,* 148 Cal.App.4th at p. 495 [coordinated proceeding; undisputed that remand was "for trial or other adjudication of legal or factual issues and not for a ministerial act"]); and (3) a pretrial dismissal was reversed on appeal and remanded with directions to make factual findings on the merits of the defendants' special motion to strike (§ 425.16) to determine whether to award attorneys' fees (*Pfeiffer*, *supra*, 107 Cal.App.4th at pp. 763-764, 768).

In criminal cases, courts have concluded that a postappeal peremptory challenge is available where: (1) an order dismissing a criminal complaint on statute of limitations

17

grounds is reversed on appeal and the remand requires that "the case be reopened with, presumably, a trial on the merits" (*Maloy, supra,* 91 Cal.App.4th at pp. 396-397); and (2) the appellate court instructed the trial court to declare a mistrial and conduct a new trial (*Overton*, *supra*, 22 Cal.App.4th at pp. 114-116). "In each of those cases, the trial court had adjudicated the case on the merits or otherwise terminated it, and the Court of Appeal reversed and remanded for additional proceedings." (*State Farm*, *supra*, 121 Cal.App.4th at pp. 500-501.)

Other cases have concluded that a postappeal peremptory challenge was properly denied because the remand did not require a new trial. The *State Farm* court concluded that the defendant was not entitled to a peremptory challenge after the trial court's pretrial ruling on a choice of law question was reversed in a writ proceeding. The court explained that "given the limited nature of the prior writ proceeding—to determine which state's law is applicable—a peremptory challenge does not lie because the trial judge did not 'try' the case, nor will the prior writ proceeding result in a 'new trial.' Rather, the trial judge will simply continue on with the case, applying Illinois law." (*State Farm*, *supra*, 121 Cal.App.4th at p. 493.) The court reasoned that unlike *Stubblefield*, which involved a summary judgment, there was no final judgment, the ruling on the choice of law motion did not terminate the action, and the granting of the writ petition did not result in a reopening of the case. (*State Farm*, at pp. 501-502.)

In *Karlsen v. Superior Court* (2006) 139 Cal.App.4th 1526, the court held there is no right to a postappeal peremptory challenge when the appellate court directs the trial court on remand to prepare a statement of decision "to complete the original trial." (*Id.* at pp. 1529-1530.) Similarly, in *Geddes v. Superior Court* (2005) 126 Cal.App.4th 417, 424, the court held that the plaintiff did not have a right to a postappeal peremptory challenge where the appellate court reversed a summary judgment and remanded the case for the trial court to prepare the statement of grounds and reasons required by section 437c, subdivision (g). The court explained that unlike the appellate court in *Stubblefield*,

18

it had not reached the merits of the trial court's decision or determined that the trial court erred in a " 'crucial decision of law.' " (*Geddes*, at p. 424.) Instead, it held that the trial judge failed to state the legal and factual basis for its decision to allow meaningful review. The court concluded: "Section 170.6 applies only where the matter is to be retried, not where it is remanded with instructions to complete a judicial task not performed in the prior proceeding." (*Geddes*, at pp. 423-424.) The court also observed that preparing the statement of grounds was "a task that only the trial judge who had decided the motion was capable of performing." (*Id.* at p. 424.)

Informed by these legal authorities, we conclude that remand after reversal of a judgment of dismissal based on a demurrer is a "new trial" for purposes of section 170.6. The term "new trial" in the second paragraph of subdivision (a)(2) of section 170.6 " ' "is intended to cover situations where *the case is to be re-tried . . . .*" ' " (*Peracchi*, *supra*, 30 Cal.4th at p. 1258, original italics.) "Thus, application of section 170.6(a)(2) does not rest solely on whether the trial judge is to perform a ministerial task after reversal. The statute requires—as variously phrased by the courts—an 'actual retrial,' a 'new trial,' or that a case be 'retried' or 'reopened.' " (*State Farm*, *supra*, 121 Cal.App.4th at p. 503.)

In considering the "new trial" requirement, recent decisions have relied upon the language of section 656, which, as we have explained, requires a "re-examination" of an issue of law or fact. (§ 656; *Paterno*, *supra*, 123 Cal.App.4th at p. 560; *Geddes*, *supra*, 126 Cal.App.4th at pp. 423-424; *C.C. v. Superior Court* (2008) 166 Cal.App.4th 1019, 1022.) In *Paterno*, the court stated that "section 656 leaves no doubt that a new trial must consist of a 'reexamination.' In order to conduct a reexamination, a court must revisit some factual or legal issue that was in controversy in the prior proceeding." (*Paterno*, at p. 560.) The *Paterno* court, for example, held that the trial court properly denied the postappeal peremptory challenge in that case, reasoning that since the remand did not require the trial court to reexamine liability issues that were resolved by the decision on appeal, and the trial court's only task was to conduct a first trial on the amount of

19

damages the petitioners had suffered, the petitioner did not have a right to a peremptory challenge. (*Paterno*, *supra*, 123 Cal.App.4th at pp. 560-561.)

Hanh asserts "there is no doubt that the post-appeal proceedings [in this case] . . . will constitute a 'new trial' within the meaning of the statute." She argues the reversal of the judgment of dismissal "has resulted in the reopening of the underlying action and will require 'a first trial on a factual or legal issue,' including [WDC's] statute of limitations defense, i.e., a 'new trial' within the meaning of the post-appeal peremptory challenge provision." We agree that our reversal of the judgment of dismissal would require a reassigned judge "to conduct a new trial" that triggers the right to a postappeal peremptory challenge. Upon remand, this case was reopened and all of the issues raised in the pleadings were placed back before the court, including WDC's statute of limitations defense, which was at issue in the demurrer proceeding. As we have noted, this case may be resolved by a dispositive motion (i.e., a summary judgment motion) or an actual trial that may ask the court to reexamine the statute of limitations defense. We therefore agree this case has been remanded for a new trial within the meaning of section 170.6, subdivision (a)(2).

### E. Timing of Hanh's Postappeal Peremptory Challenge

A postappeal peremptory challenge must be made "within 60 days after the party or the party's attorney has been notified of the assignment" to the same judge whose decision was reversed on appeal "to conduct a new trial." Hanh argues that her peremptory challenge was timely filed within the 60-day time limit. She asserts she was notified the case had been reassigned to the same judge by the case status review hearing notice served on December 19, 2014. She contends that since she filed her peremptory challenge 49 days later, on February 6, 2015, it was timely filed within the 60-day limit.[5]

---

[5] Hanh adds that "[i]ndeed, the peremptory challenge was filed less than 60 days after this court issued its . . . remittitur on December 18, 2014." The court in

20

The parties disagree as to what triggered the 60-day time limit for a postappeal peremptory challenge and, more specifically, whether reassignment of this case to the trial judge for *case management* triggered the 60-day time limit in this case. Hanh argues we should look at the nature and purpose of the remand. She contends that since this court's remand " 'requires that the case be reopened, with an actual trial if necessary,' " the 60-day time period was triggered by notice that the case had been reassigned to the same judge whose decision was reversed on appeal for any purpose. WDC argues that we should look to the task at hand, the type of hearing for which the case was reassigned to the trial judge, as opposed to the nature of the remand. WDC argues that the trial judge here correctly denied the postappeal peremptory challenge because she "merely resumed her role as case management judge" and the case had not been assigned to her to conduct a new trial, no trial date had been set, and there was no indication she would be assigned to try the case.

As we have noted, the Legislature's discussion of the phrase "new trial" indicates that this term was intended to refer to the nature and purpose of the remand, rather than the nature of any particular hearing the original trial judge is assigned to conduct on remand. Thus, in cases in which an appellate court reverses a decision or final judgment of a trial court and remands the matter "to conduct a new trial" within the meaning of section 170.6, the time for filing a postappeal peremptory challenge is "within 60 days after the party or the party's attorney has been notified of the assignment" back to the judge whose decision was reversed on appeal. This requires the parties to determine simply whether the case has been remanded for a new trial within the meaning of

---

*Ghaffarpour v. Superior Court* (2012) 202 Cal.App.4th 1463, 1471 stated that the time to file a postappeal peremptory challenge "begins when the party who filed the appeal has been notified of the assignment, and does not begin from the date of the issuance of the remittitur by the Court of Appeal." We agree with *Ghaffarpour* and conclude it is not relevant how many days had passed after issuance of the remittitur before Hanh filed her challenge.

21

section 170.6.  They need not also determine whether the specific proceeding currently on calendar (i.e., a case management conference) is itself a new trial within the meaning of the statute.

We acknowledge this rule is different from the rule set forth in *Grant*.  But, as we have explained, *Grant* was a *preappeal* peremptory challenge.  As such, it was subject to the statutory requirement that the proceeding at issue be a hearing or trial "that involves a contested issue of law or fact" (§ 170.6, subd. (a)(1)).  This case involves a *postappeal* peremptory challenge, which is subject only to the statutory requirement that the case be remanded for a "new trial," regardless of the nature of the next proceeding on calendar.  As observed in *Maloy*, the first and second paragraphs of section 170.6, subdivision (a)(2) serve different purposes.  The first paragraph, which includes time limits for preappeal peremptory challenges, was "designed to provide a litigant with a peremptory challenge while preventing judge shopping."  (*Maloy*, *supra*, 91 Cal.App.4th at p. 399, fn. 2.)  The second paragraph "addresses potential judicial bias after reversal on appeal."  (*Ibid.*)

Hanh was notified on December 19, 2014, that this case was reassigned to the same judge whose decision had been reversed on appeal when she received the notice of the case status review hearing.  She made her postappeal peremptory challenge 49 days later, on February 6, 2015.  Thus, her challenge was timely.

## DISPOSITION

Let a peremptory writ of mandate issue directing respondent court to vacate its order denying the peremptory challenge and to enter a new and different order granting the challenge.  The temporary stay order issued on July 2, 2015, shall remain in effect until this opinion is final.  The parties shall bear their own costs in this original proceeding.

22

_____

           Márquez, J.



I CONCUR:




_____

 Bamattre-Manoukian, Acting P. J.

# Mihara, J., Concurring in the Judgment.

The only significant issue in this case is whether, after an appellate reversal, the successful appellant may make a peremptory challenge under the second paragraph of Code of Civil Procedure section 170.6, subdivision (a)(2)[1] when the original trial judge is assigned to conduct a case management conference on the case, or must wait until the original trial judge is assigned to conduct a *trial* before being permitted to make such a challenge. I agree with my colleagues that the statute does not require the successful appellant to wait to make a peremptory challenge once the original trial judge has been reassigned to the case.

Post-appeal peremptory challenges are governed by the second paragraph of section 170.6, subdivision (a)(2). Section 170.6, subdivision (a) provides: "(1) A judge, court commissioner, or referee of a superior court of the State of California shall not try a civil or criminal action or special proceeding of any kind or character nor hear any matter therein that involves a contested issue of law or fact when it is established as provided in this section that the judge or court commissioner is prejudiced against a party or attorney or the interest of a party or attorney appearing in the action or proceeding. [¶] (2) A party to, or an attorney appearing in, an action or proceeding may establish this prejudice by an oral or written motion without prior notice supported by affidavit or declaration under penalty of perjury, or an oral statement under oath, that the judge, court commissioner, or referee before whom the action or proceeding is pending, or to whom it is assigned, is prejudiced against a party or attorney, or the interest of the party or attorney, so that the party or attorney cannot, or believes that he or she cannot, have a fair and impartial trial or hearing before the judge, court commissioner, or referee. [Timing

---

[1] Subsequent statutory references are to the Code of Civil Procedure unless otherwise specified.

provisions]  [¶]  A motion under this paragraph may be made following reversal on appeal of a trial court's decision, or following reversal on appeal of a trial court's final judgment, if the trial judge in the prior proceeding is assigned to conduct a new trial on the matter.  Notwithstanding paragraph (4), the party who filed the appeal that resulted in the reversal of a final judgment of a trial court may make a motion under this section regardless of whether that party or side has previously done so.  The motion shall be made within 60 days after the party or the party's attorney has been notified of the assignment." (§ 170.6, subd. (a).)

The resolution of the question before us requires us to construe the second paragraph of section 170.6, subdivision (a)(2).  "We apply well-settled principles of statutory construction.  Our task is to discern the Legislature's intent.  The statutory language itself is the most reliable indicator, so we start with the statute's words, assigning them their usual and ordinary meanings, and construing them in context.  If the words themselves are not ambiguous, we presume the Legislature meant what it said, and the statute's plain meaning governs.  On the other hand, if the language allows more than one reasonable construction, we may look to such aids as the legislative history of the measure and maxims of statutory construction.  In cases of uncertain meaning, we may also consider the consequences of a particular interpretation, including its impact on public policy." (*Wells v. One2One Learning Foundation* (2006) 39 Cal.4th 1164, 1190.)

In my view, the statutory language permits more than one reasonable construction, but the legislative history reflects that the Legislature intended that an assignment back to the original trial judge would fall within the statutory language so long as the appellate reversal resulted in a remand for a new trial.  Thus, I construe the statute's use of the words "new trial" to refer to the nature of the remand rather than to the nature of any particular hearing that the original trial judge is assigned to conduct after remand.

2

The second paragraph of section 170.6, subdivision (a)(2) was added to the statute in 1985 by Assembly Bill No. 1213.  (Stats. 1985, ch. 715, § 1.)  The original version of Assembly Bill No. 1213 would have read:  "Following reversal on appeal of a trial court's decision, a motion under this paragraph may be made, upon the assignment of the trial judge in the prior proceedings to rehear the matter, at any time promptly after the party or the party's attorney has been notified of the assignment."  (Assem. Bill No. 1213 (1985–1986 Reg. Sess.) as introduced Mar. 4, 1985.)  The bill was subsequently amended to replace "to rehear the matter" with "for a new trial" and to replace "at any time promptly" with "within 60 days."  (Assem. Bill No. 1213 (1985–1986 Reg. Sess.) as amended May 15, 1985.)  The final amendment of the proposed bill changed the language to what was ultimately enacted.  "A motion under this paragraph may be made following reversal on appeal of a trial court's decision if the trial judge in the prior proceeding is assigned to conduct a new trial on the matter.  The motion shall be made within 60 days after the party or the party's attorney has been notified of the assignment."  (Assem. Bill No. 1213 (1985–1986 Reg. Sess.) as amended May 24, 1985.)  Additional language has been added over the years, but the "new trial" and "60 days" provisions have remained unaltered.

The legislative history of the enactment of this language explicitly addresses the meaning of "new trial" in the second paragraph of section 170.6, subdivision (a)(2).  "The term 'new trial' is intended to cover situations where the case is to be re-tried and not merely remanded with instructions to perform some specific task (e.g., recalculate interest)."  (Assem. Com. on Judiciary, Rep. on Assem. Bill No. 1213 (1985–1986 Reg. Sess.) as amended May 24, 1985.)  The Legislature's delineation of the meaning of "new trial" reflects that this term was intended to refer to the *nature of the remand*, **not** to identify the nature of any particular hearing that may be scheduled after remand.  This construction of the "new trial" reference is buttressed by the Legislature's selection of a

3

60-day period for the challenge. The Legislature could not possibly have intended that, where the case is assigned back to the original trial judge on remand, a challenge cannot be made until a new trial has been scheduled. Such an interpretation would disrupt the orderly processes of trial courts, a result that the Legislature could not rationally have intended.

All of the relevant case authority is in accord with this construction of the statutory language. In *Peracchi v. Superior Court* (2003) 30 Cal.4th 1245 (*Peracchi*), the California Supreme Court construed "new trial" as it applied in *criminal* proceedings and determined that a remand for resentencing did not satisfy the "new trial" condition under the second paragraph of section 170.6, subdivision (a)(2) because resentencing did not fall within the Penal Code's "new trial" definition. (*Peracchi*, at pp. 1253-1256.) The court expressly distinguished civil cases. "[W]e do not believe that the Legislature contemplated that what constitutes a new trial in a criminal case for the purposes of section 170.6 would be defined by the law in civil cases—especially when a specific Penal Code section defines the term 'new trial.' We do not perceive any anomaly in the Legislature's intent that the term 'new trial' be applied for disqualification purposes as that term is defined either by the Code of Civil Procedure or by the Penal Code, depending on the nature of the case . . . ." (*Peracchi*, at p. 1261.)

Both before and after *Peracchi*, the "new trial" language in the second paragraph of section 170.6, subdivision (a)(2) has been construed in civil cases to refer to the actions that the trial court is required to undertake as a result of an appellate remand. (*Hendershot v. Superior Court* (1993) 20 Cal.App.4th 860, 864 [whether the "new trial" language applies depends on "what the [trial] court must do to resolve" the issues remanded by the appellate court]; *Stegs Investments v. Superior Court* (1991) 233 Cal.App.3d 572, 576 [same]; *Pfeiffer Venice Properties v. Superior Court* (2003) 107

4

Cal.App.4th 761, 767 [challenge permitted "whenever a decision is sent back to the trial judge for rulings on the merits of the litigation."].)

In *Paterno v. Superior Court* (2004) 123 Cal.App.4th 548 (*Paterno*), the Court of Appeal, following the lead of *Peracchi*, referred to the definition of "new trial" in section 656, which applies in civil proceedings, in determining whether the remand had been for a new trial. (*Paterno*, at p. 559.) Section 656 provides: "A new trial is a re-examination of an issue of fact in the same court after a trial and decision by a jury, court, or referee." (§ 656.) The Court of Appeal in *Paterno* held that the remand in that case, which was for a determination of damages, an issue that had not previously been determined, did not qualify as a "'*re*-examination'" so it was not a remand for a "new trial" within the meaning of section 170.6. (*Paterno*, at pp. 560-561, italics & boldface added.)

This court considered the meaning of the second paragraph of section 170.6, subdivision (a)(2) in *Jane Doe 8015 v. Superior Court* (2007) 148 Cal.App.4th 489 (*Jane Doe*)). A summary judgment had been reversed because there were triable issues of material fact. (*Jane Doe*, at p. 492.) On remand, the successful appellants challenged the original trial judge under section 170.6, subdivision (a)(2). (*Jane Doe*, at p. 492.) The trial court struck the challenge on the ground that the second paragraph of section 170.6, subdivision (a)(2) did not apply in a coordinated proceeding because a challenge to a coordination judge must be made within 20 days after the judge's original assignment. (*Jane Doe*, at p. 495.) On appeal, this court agreed with other appellate courts that the "new trial" language in the statute refers to the nature of the remand. (*Id.* at pp. 494-495.) This court disagreed with the trial court's conclusion that the 20-day limit applied and held that section 170.6, subdivision (a)(2) permitted a challenge because the remand was for a new trial. (*Jane Doe*, at pp. 496-498.)

The remand in this case was indisputably for a new trial within the meaning of the second paragraph of section 170.6, subdivision (a)(2). Only two conditions must be

5

satisfied in order to bring a challenge under the second paragraph of section 170.6, subdivision (a)(2). First, the remand must be for a "new trial." Second, the challenge must be made within 60 days after the original trial judge is assigned to the case. Both of these conditions were satisfied in this case. The remand was plainly for a new trial since it required a reexamination of the factual and legal issues in the case. And the challenge clearly was filed within the 60-day period. The nature of the hearing to which a trial judge is assigned is relevant in determining whether a *pre*-appeal challenge may be made under the *first paragraph* of section 170.6, subdivision (a)(2) because the statutory language so states. In contrast, the statutory language pertaining to *post*-appeal challenges, which is contained in a separate paragraph of section 170.6, subdivision (a)(2) and provides the basis for a challenge "under this paragraph," does not condition such a challenge on the nature of any particular hearing to which the original trial judge is assigned after a reversal.

I therefore agree with my colleagues that the petitioners are entitled to a writ of mandate.

_____
Mihara, J.

6